BÁEZ ET AL., APPELLANTS, *v.* REGISTRAR OF SAN GERMÁN, APPELLEE.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Consolidation of Properties.

No. 481.—Decided February 4, 1921.

RECORD OF TITLE—CONSOLIDATION OF PROPERTIES—HEIRS.—It is not contrary to the spirit of subdivision 4 of article 61 of the Mortgage Law Regulations to

record in the name of an ancestor a consolidation of several adjoining proper-
ties already recorded separately in his name, when the record is asked for by
all of the heirs in a recordable instrument from which it appears that the
petitioners are the owners of the said properties in common.

The facts are stated in the opinion.

*Mr. B. Forés* for the appellants.

The respondent appeared by brief.

Mr. Justice Wolf delivered the opinion of the court.

Concepción Báez Ortiz and her children Concepción, Do-
lores, Rosa María, Carmen and Agueda Guzmán Báez, the
first named as widow and the others as the daughters and
sole heirs of Francisco Guzmán Ledesma, executed a deed
of inventory, appraisal, liquidation, partition and award of
hereditary property, reciting that for purposes of physical
apportionment several adjoining properties were grouped to-
gether. Together with this instrument they presented to
the registrar a notarial deed of ratification executed by the
same parties, praying that the consolidation of the prop-
erties set out in the deed of partition should be considered
as made in favor of the ancestor of the parties, the said
properties having been separately recorded in his name.

The registrar refused to make the record on the ground
that pursuant to subdivision 4 of article 61 of the Mortgage
Law Regulations the heirs must first record in their names
their title to the common and undivided ownership in the
different tracts sought by them to be grouped into one single
property, since, inasmuch as the said heirs and not their an-
cestor are concerned in the recording of the grouped prop-
erties, it is they who are charged with the duty of petition-
ing that the properties comprising the group be first re-
corded in their names, praying either for the recording of
the grouped properties in their names or in that of their
ancestor. The registrar is also of the opinion that the entry
of record as prayed for by the heirs would take from The
People of Porto Rico certain rights that the latter would
enjoy if the record is made in the manner the registrar thinks

it should be.  As such question, however, was not raised by the registrar as a formal ground in support of his refusal, we shall not consider it.

Paragraph 4 of section 61 of the Regulations for the Execution of the Mortgage Law permits the consolidation of adjoining properties when they belong to the same person or to various *pro indiviso*.  The fact that the appellants were all of the heirs of the record owner was made clear by the deed presented for record here.  They were, hence, the owners *pro indiviso*.  Any deed, declaration or judgment presented in the registry, wherein the fact of the heirship of various persons is made clear, substitutes the heirs for their ancestor (*causante*).  A declaration of heirship is the common mode.  So much being premised, it is clear that the appellant heirs were owners *pro indiviso* and entitled to the consolidation as set forth in said paragraph 4 of section 61.

The appellants, it is true, asked that the record be made in the name of their ancestor, as to which the registrar files no other objection than the necessity of making a previous record in favor of the heirs of the property sought to be consolidated.  We do not agree with the registrar, inasmuch as the ancestor had a right to make and record in his name the said consolidation and as, according to section 669 of the Civil Code, heirs succeed the deceased in all rights and obligations, a similar right to consolidate and record the said consolidation in favor of the ancestor should be accorded to them.  The right of the ancestor not being a purely personal one, it could be transmitted to his heirs who have an interest in carrying the same into execution so as to have the consolidation as a basis for the accruing of their respective shares and their record in the registry.

The appellants could have elected to have the properties that were to be consolidated recorded in their names *pro indiviso* and thereafter proceed to consolidate and record them in their names; but they have preferred to make the

consolidation and record in the registry in the name of their ancestor, in whose name the properties themselves were recorded, and in so doing they have not interfered with the rights of any person, nor proceeded contrary to the internal order of the registry.

The registrar, for his denial, relies upon the jurisprudence set out in *Merly et al.* v. *Registrar,* 22 P. R. R. 389; *Muñoz* v. *Registrar,* 25 P. R. R. 786, and *Berríos* v. *Registrar,* 27 P. R. R. 821, none of which are applicable to this case; the first, because the heirs sought to record directly in their names the consolidated properties which were recorded separately in the names of different persons; the second, because it was there sought to record a group of properties which belonged to distinct juridical entities, and the third, because a widower sought singly to record the consolidated properties acquired while he was married without showing that he was his wife's sole heir or that the consolidated properties had been allotted to him in partition proceedings.

The decision appealed from should be reversed and the record made as prayed for.

*Reversed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.